UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                                   )
vs.                                )    CRIMINAL ACTION
                                   )    NO. 04-1802-CBS
DUJUANE McNICKLES,                 )
        Defendant,                 )
_____)

**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE
GOVERNMENT'S MOTION FOR DETENTION**
**July 15, 2004**

**SWARTWOOD, M.J.**

I. <u>Nature of the Offense and the Government's Motion</u>

On June 24, 2004, a Criminal Complaint was filed, charging Dujuane McNickles ("Mr. McNickles"), with possessing with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1).

At Mr. McNickles' initial appearance on June 24, 2004, in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment), (f)(1)(C)(Mr. McNickles is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight).

On June 30, 2004, a probable cause/detention hearing was scheduled. Prior to any testimony being offered at this hearing, Mr. McNickles assented to an Order of Detention, but reserved his right to a detention hearing in the future. Thereafter, a hearing commenced on the issue of probable cause, and at that hearing, Stephanie Schafer, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, testified on behalf of the Government and was cross-examined by Mr. McNickles' counsel.

## II.  Findings of Fact

1.  On June 24, 2004, a search warrant was executed at 132 Van Buren Street, New Bedford, Massachusetts. At the time that law enforcement officials entered the premises, Mr. McNickles was present and during the search, law enforcement officials located, inside a safe in a bedroom, $713 in cash and a substance that appeared to be crack cocaine and field tested positive for cocaine. During the search, law enforcement officials also found a digital scale which they used to weigh the substance found in the safe. It was determined that this substance, which appeared to be crack cocaine, weighed 7.9 grams. In Special Agent Schafer's opinion, possession of 7.9 grams of crack cocaine is not possession for personal use, but rather possession for distribution.

2.  After Mr. McNickles was advised of his Miranda rights, he acknowledged to law enforcement officials that the substance located in the safe was crack cocaine and that it belonged to him.

### III. <u>Probable Cause</u>

Mr. McNickles admitted that crack cocaine seized from the safe as a result of the execution of a search warrant at 132 Van Buren Street belonged to him.  I find the amount of crack cocaine seized from Mr. McNickles to be consistent with distribution rather than personal use.  Therefore, I find probable cause for the offense charged against Mr. McNickles in this Complaint.

### IV. <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.   That Mr. McNickles be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That Mr. McNickles be afforded a reasonable opportunity for private consultation with counsel; and

3.   On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. McNickles is detained and confined shall deliver Mr. McNickles to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE