UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | No. 04-10218-RWZ |
| ) | |
| DUJUANE MCNICKLES ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE FROM ILLEGAL SEARCH

I.  FACTUAL BACKGROUND

Early in the morning on June 24, 2004, federal agents raided 132 Van Buren Street, New Bedford, Massachusetts, where the defendant, Dujuane McNickles, and his girlfriend Alaina Almeida were sleeping.  The agents executed search warrants approved by the District Court on June 18, 2004 for both 132 Van Buren Street and 120 Van Buren Street.  At 132 Van Buren Street, the agents reported finding several items of contraband, including over 5 grams of crack cocaine.[1]  The warrants were based on ATF Special Agent Schafer's affidavit, which cited an unnamed confidential informant's ("CI") claims that he purchased drugs from the defendant.

Of the five controlled buys which Agent Schafer cites, none took place inside 132 Van Buren Street and no evidence was presented that the CI had ever been inside that address.  Only one of the alleged buys was said to have occured near the 132 Van Buren Street area: on June 16, 2004, two days before the warrant was issued and eight days before it was served, the defendant was seen exiting that address before meeting with the CI.  The CI claims he then

---

[1] The defendant contends that the contraband found at 132 Van Buren Street was the product of an illegal search, because there was not a sufficient nexus established by the affidavit between the location and any contraband, thereby failing to state probable cause to support the warrant.  The defendant also contends that the warrant executed at 120 Van Buren Street failed to establish probable cause as to that locale; however, as no contraband was found there, the argument is moot.

bought crack cocaine from the defendant, and agents thereafter found two plastic bags on the CI weighing a total of only .09 grams. Affidavit, ¶ 20. According to the affidavit, the CI claimed the defendant sold crack cocaine "out of 132 Van Buren Street," Affidavit, ¶ 8, and "in the vicinity of 132 Van Buren Street." *Id.*, ¶ 20. No independent evidence beyond the hearsay testimony of the CI was presented to indicate the defendant ever sold drugs from 132 Van Buren Street. Agent Schafer sought to bolster the CI's testimony by citing the defendant's 2000 conviction in New Bedford District Court for possession of cocaine (not crack cocaine) with intent to distribute, although the location where that offense allegedly occurred is not stated.

The CI also claimed the defendant sold crack cocaine out of 120 Van Buren Street during the day. *Id.*, ¶ 8. The alleged buys which took place at or near 120 Van Buren Street occurred between April 16 and June 14, 2004, and only the April 16 incident, a full two months before the warrant was issued, was alleged to have happened inside 120 Van Buren Street. The other three alleged buys, according to the affidavit, occurred "in the vicinity" of 120 Van Buren Street. *Id.*, ¶ 10. The June 14 buy was alleged to have taken place at 131 Fillmore Street, New Bedford, an address for which the affiant did not apply for a warrant.

II.     **ARGUMENT**

Agent Schafer's affidavit did not contain sufficient information to establish probable cause to search 132 Van Buren Street. Pursuant to the Fourth Amendment of the United States Constitution, applicable to the states under *Mapp v. Ohio*, 367 U.S. 643 (1961), no search warrant may issue unless probable cause is shown. Probable cause exists if "the affidavit upon which a warrant is founded demonstrates in some trustworthy fashion the likelihood that an offense has been committed and that there is sound reason to believe that a particular search will turn up evidence of it." *United States v. Aguirre*, 839 F.2d 854, 857-58 (1st Cir. 1988). The

warrant will not stand unless there was a "substantial basis" to conclude that probable cause existed. *United States v. Ribeiro*, App. No. 03-2218 (1st Cir. 2005); *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999).

According to the New Bedford Housing Authority, the defendant's sister Leonora McNickles lived at 120 Van Buren Street, and the defendant's girlfriend Ms. Almeida rented 132 Van Buren Street. *See* Affidavit, at ¶ 9. There is no evidence that the CI had ever been inside 132 Van Buren Street, nor had any first-hand knowledge that the defendant kept drugs or any drug-related items there, as described in the affidavit. Yet, the CI told agents that the defendant dealt crack out of that address "late at night." *Id.,* ¶ 20. "There can be no objection to hearsay 'if the informant is shown to be reliable and there is a disclosed, reliable basis for his information.'" *United States v. Ciampa*, 793 F.2d 19, 24 (1st Cir. 1986); *United States v. Asselin*, 775 F.2d 445, 446 (1st Cir. 1985). In this case, no reliable basis for the hearsay was presented. On June 16, the defendant was seen exiting 132 Van Buren Street to meet with the CI. The affidavit gives no indication:

a) What time the alleged buy took place, *i.e.*, if it was at night and consistent with the CI's assertions;

b) How long the defendant had been inside the address; or,

c) How long agents had been in place observing the location, in order to reasonably conclude that the defendant could not have obtained the drugs shortly beforehand at another address, such as, *e.g.,* 120 Van Buren Street or 131 Fillmore Street.

The affiant assumed that contraband was located at 132 Van Buren Street solely on the basis of the CI's hearsay assertion, with no supporting details or corroboration by the first-hand knowledge or experience of a law enforcement agent. *Compare United States v. Taylor*, 985

F.2d 3, 6 (1st Cir. 1993) (stating the informant's reliability was bolstered by a detailed description of the address to be searched, including the exteriors and interiors, and noting that hundreds of marijuana seedlings had been observed first-hand at the address). The affiant proceeded on the CI's hearsay without an attempt to find any independent corroboration, even if only from another informant. "Courts often have held that consistency between the reports of two independent informants helps to validate both accounts." *United States v. Schaefer*, 87 F.3d 562, 566 (1st Cir. 1996).

     The affidavit mentions 132 Van Buren Street in regard to only one other controlled buy. On May 27, 2004, the CI stated that while waiting outside 131 Fillmore Street to meet with the defendant, he saw the defendant "jogging" from 132 Van Buren Street to 120 Van Buren Street, and then to 131 Fillmore Street where he and the CI met. Affidavit, ¶ 18. There is no indication in the affidavit that the defendant actually went inside any of these addresses, or that any drugs he allegedly sold to the CI came from inside 132 Van Buren Street. In fact, 132 Van Buren Street was the first, not the last, address from which he jogged before meeting the CI. The CI's statement is void of any information from which an impartial magistrate could reasonably determine when and where the defendant allegedly obtained the drugs for that sale; the affidavit clearly leaves open the possibility that the defendant had possession before "jogging" to or from any of the above-mentioned addresses. *Compare Ribeiro*, App. No. 03-2218 (finding a probable-cause nexus between the defendant's residence and drug trafficking in part because the defendant drove directly from his apartment to the rendezvous spot in three of the four controlled buys). Herein, if any reasonable inference could be drawn, the least likely source of contraband would be 132 Van Buren Street, rather than 120 Van Buren Street or possibly 131 Fillmore Street.

Along with the fact that no controlled buy took place inside 132 Van Buren Street, the warrant was not served there until eight days following the CI's alleged buy near that address. The longer the expected life of the contraband, "the more likely that a datum from the seemingly distant past will be relevant to a current investigation." *Schaefer*, 87 F.3d at 568.  The affiant had no reasonable cause to believe that drugs, an ingestible, perishable and transient item, would still be located inside 132 Van Buren Street more than one week after an alleged controlled buy of a very small amount outside.  In *Schaefer*, the timeliness of the warrant was upheld because the informant's observations, although two to three years old, were of a large marijuana-growing operation in the defendants' barn.  *Id.*  The evidence there indicated that the defendants built the barn with an illegal operation in mind: "all signs point to ongoing and entrenched activity."  *Id*. Unlike the case at bar, the warrant in *Schaefer* "did not target items of transient existence, but, rather, featured chattels of relatively dear value and solid construction."  *Id.*

Further, the small amount the CI claims to have purchased outside of 132 Van Buren Street on that one occasion cannot justify a belief that the defendant stored quantities inside there for distribution.  In *Ribeiro*, when considering whether a nexus existed between the contraband and the defendant's home, the First Circuit considered "compelling" the defendant's ability to produce 100 tablets of ecstacy for sale, a large amount, on four different occasions within a month, usually in just over an hour after the transaction was arranged.  *Ribeiro*, App. No. 03-2218.  Here, after the CI met with the defendant outside of 132 Van Buren Street, he gave police "two plastic baggies containing what appeared to be crack cocaine.  The weight of the material was approximately .9g."  Affidavit, ¶ 20.  The extremely low weight does not reasonably indicate that a larger amount targeted for distribution was inside the address.  And if the 0.9 grams includes the weight of the plastic bags as well as the crack cocaine, as the affidavit

5

seems to indicate, the drug amount is even less consistent with distribution than an amount shared between friends for personal use.

### III.  CONCLUSION

For the reasons stated above, this Court should suppress all evidence seized as a result of the illegal search of 132 Van Buren Street on June 24, 2004.

DUJUANE MCNICKLES
By his attorney,

/s/ *John H. Cunha Jr.*

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: April 11, 2005                                                                 H:\Word\Crim\McNickles\Memo for motion to suppress.wpd