UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10218-RWZ

UNITED STATES OF AMERICA

v.

DUJUANE MCNICKLES

MEMORANDUM OF DECISION

July 25, 2005

ZOBEL, D.J.

On June 24, 2004, defendant Dujuane McNickles and his girlfriend were arrested at 132 Van Buren Street, New Bedford, Massachusetts, when agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") entered and searched that residence. Almost a month later, on July 21, 2004, defendant was indicted for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Defendant now moves to dismiss all evidence seized at 132 Van Buren Street on the ground that the search warrant was defective.

In support of the search warrant, Special Agent Stephanie Schafer of the ATF filed an affidavit concerning drug activities at two locations: 120 Van Buren Street and 132 Van Buren Street, both in New Bedford, Massachusetts. See Attach. B. According to Agent Schafer ("Affiant"), a confidential informant ("CI") stated that defendant sold crack cocaine out of his girlfriend's apartment at 132 Van Buren Street at night and out of his sister's apartment at 120 Van Buren Street during the day. Defendant does not

contest the search warrant as to 120 Van Buren Street.  In regards to 132 Van Buren Street, the Affiant detailed a series of controlled purchases by the CI and stated that she observed defendant leaving 132 Van Buren Street on June 16, 2004, to sell the CI 0.9 grams of crack cocaine.  The Affiant also said that, based on her training and experience, she knew that drug dealers often use more than one residence as a stash house.  On June 18, 2004, Magistrate Judge Swartwood issued a search warrant.

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed – the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched – the so-called 'nexus' element." United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999).  In determining whether probable cause exists, the "issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  A reviewing court must give "great deference" to the magistrate's judgment as well as insuring that a substantial basis supports the decision.  Id. at 236, 238-9.

Defendant contends that: (1) the CI's statements are hearsay with no reliable basis, (2) the information in the affidavit was stale, and (3) the small amount of crack bought outside of 132 Van Buren did not justify a belief that defendant used the residence as a stash house.  Defendant asserts that the Affiant "assumed that contraband was located at 132 Van Buren Street solely on the basis of the CI's hearsay assertion, with no supporting details or corroboration by the first-hand knowledge or

experience of a law enforcement agent." Mem. of Law in Support of Def.'s Mot. to Suppress at 3. Defendant states that there was no evidence that the CI had ever been inside 132 Van Buren Street nor had any first-hand knowledge about whether defendant stored drugs at that location. Furthermore, in regard to the June 16, 2004, purchase, defendant points out that the affidavit did not specify if the purchase occurred at night, how long defendant had been inside, or any reason for the Affiant to believe that defendant got the drugs from that location.

Contrary to defendant's contentions, the Affiant took measures to corroborate the CI's information by reviewing defendant's criminal record, which revealed that he was convicted in 2000 in New Bedford District Court for possession of cocaine with intent to distribute and also had pending charges for trafficking cocaine in Bristol Superior Court. See United States v. Taylor, 985 F.2d 3, 6 (1st Cir. 1993) ("An affiant's knowledge of the target's prior criminal activity or record clearly is material to the probable cause determination."). More significantly, the CI conducted a series of controlled buys of crack cocaine from defendant, as detailed in the affidavit. That, in conjunction with the Affiant's observation of defendant leaving 132 Van Buren Street to meet the CI and sell him crack cocaine, and the Affiant's experience that most drug dealers have more than one place to store drugs, establishes a fair probability that contraband in a distributable quantity would be found at 132 Van Buren Street. Given these circumstances, the further detail that defendant seeks is unnecessary. See United States v. Feliz, 182 F.3d 82, 88 (1st Cir. 1999) (citation omitted) ("The nexus between the objects to be seized and the premises searched need not, and often will

not, rest on direct observation, but rather 'can be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [evidence of a crime] . . . .").

Defendant next contends that the Affiant had no reasonable cause to believe that drugs would be found at 132 Van Buren Street eight days after the controlled buy at that location. However, courts have upheld determinations of probable cause where the drug transactions described in the supporting affidavit took place three months prior to the issuance of the warrant. Feliz, 182 F.3d at 87. Furthermore, given the series of transactions between the CI and defendant and the defendant's drug trafficking record, the Affiant could reasonably have believed that defendant's drug dealing activity was ongoing.

Accordingly, defendant's motion to suppress is denied.


| DATE | /s/ Rya W. Zobel |
|---|---|
|  | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |