UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | No. 04-10218-RWZ |
| **DUJUANE MCNICKLES** | ) ) ) | |

## MOTION FOR ADDITIONAL PRETRIAL CONFERENCE

The defendant, Dujuane McNickles, hereby moves this Court for a further pretrial conference, in addition to the conference scheduled for September 14, 2005. As reasons herein, the defendant states:

1. He has filed a motion in New Bedford District Court for a new trial in a case for which he was convicted of possession with intent to distribute a Class B substance on March 17, 2000. The defendant was arrested at the home of an acquaintance, who was the target of a New Bedford police search warrant. Both men were arrested, as were two women who were also there when police served the warrant.

2. No drugs were found on the defendant, but police found drugs at the apartment and arrested everyone for various drug-related charges.

3. The defendant and the two women all retained the same attorney, who did not inform any of them of a potential conflict of interest. The attorney convinced the prosecutor to drop the charges against the women, arguing that they were at the wrong place at the wrong time, which tacitly implied that the defendant was not in the wrong place at the wrong time.

4. The attorney convinced the defendant that he would only receive a 59 day sentence if he pleaded guilty to knowingly being where drugs were kept, a charge that is no longer a

recognized offense in the Commonwealth of Massachusetts.

5. Not did only did the attorney fail to inform the defendant of the true charges pending against him, but the attorney withdrew from the case shortly before the plea hearing because the defendant could not raise an additional fee of $500. Another attorney, who did not meet with the defendant prior to the hearing, handled the plea hearing for free. He did not advise the defendant as to the charges, but merely told him that if he pled guilty he would get the same deal his previous lawyer promised.

6. The defendant received a 59 day sentence, but the actual charge was possession with intent to distribute a Class B substance. That conviction will be used by the federal prosecutor as the predicate for a mandatory minimum sentence if the case at bar results in conviction.

7. The New Bedford District Court granted a hearing on the defendant's motion for a new trial, but the full hearing has not yet taken place. Counsel for the defendant appeared on July 19, 2005, in New Bedford for a conference, and a hearing on the motion was scheduled for August 23, 2005. On that date, counsel appeared with one witness, who was one of the women whose case was dismissed. However, the U.S. Marshals Service did not bring the defendant from the Plymouth County Correctional Center, where he is currently being detained, to New Bedford for the hearing. A new hearing was then scheduled for September 2, 2005.

8. Counsel contacted a representative from the U.S. Marshals Service, who explained that the defendant would not be removed from the Plymouth facility for a state court hearing unless several steps were taken, including the receipt of the Commonwealth's habeas request at least ten business days before the hearing and receipt of a written notice from

        the U.S. Attorney's Office which stated that there were no objections to transporting the defendant. The U.S. Marshals' representative also stated that the defendant would not be taken straight to New Bedford but would instead be brought to Boston, where custody would be transferred to either the New Bedford Police Department or District Attorney's Office, who would then transport the defendant to the state court hearing.

9. Over the last month, counsel for the defendant has been trying to coordinate a new hearing date that is not only mutually acceptable to the New Bedford District Attorneys Office and its witnesses, the defendant's two former lawyers on that case, but also one that ensures the presence of the defendant and the two women who all initially were represented by the same attorney. The prosecutor could not make the September 2 date, and unilaterally chose a new hearing date for September 8, 2005, without conferring with the defendant's counsel. The defendant asked for a continuance beyond that date, because by the time counsel was notified, there was not enough time to make all the arrangements noted above in paragraph 8 to ensure the defendant's presence at the hearing.

10. The defendant has now suggested to the prosecutor three new dates, and is awaiting the prosecutor's response. *See* fax to ADA Craig Souza, attached hereto as Exhibit 1.

11. The defendant has necessarily suggested three dates in October because his counsel in the case at bar is beginning a trial before Judge Gertner on September 19, 2005, in the case of United States v. Edward Washington, Crim. No. 02-10301-NG, which is expected to last four to six weeks. Because the trial will not be conducted on Fridays, counsel has proposed holding the New Bedford on a Friday next month.

12. The New Bedford District Court will not rule on the motion until it hears the personal

testimony of the defendant. Resolution of the issues surrounding his state conviction is paramount to disposition of the case at bar. The scheduling of a final pretrial conference at a later date near the end of October or start of November will give the defendant the time needed to resolve that matter.

14. The defendant's request is made in good faith. Scheduling another pretrial conference will not create undue prejudice for either the defendant or the government. It is in the interests of justice that this motion be allowed and the additional time be excluded for speedy trial purposes.

                                        DUJUANE MCNICKLES
                                        By his attorney,

                                        /s/ *John H. Cunha Jr.*
                                        John H. Cunha Jr.
                                        B.B.O. No. 108580
                                        CUNHA & HOLCOMB, P.C.
                                        One State Street, Suite 500
                                        Boston, MA 02109-3507
                                        617-523-4300

Dated: September 13, 2005                         H:\Word\Crim\McNickles\Motion for additional pretrial conference.wpd