UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES | ) )  )  |
| v. | ) ) No. 04-10218-RWZ  ) |
| DUJUANE MCNICKLES | ) ) ) |

## ASSENTED-TO-MOTION TO CONTINUE PRETRIAL CONFERENCE

The defendant, Dujuane McNickles, hereby moves this Court to continue his pretrial conference to a date beyond January 2006. In support whereof, the defendant states:

1. The New Bedford District Court has not concluded hearings on the defendant's motion for a new trial in a case for which he was convicted of possession with intent to distribute a Class B substance on March 17, 2000. As the Court is aware, the defendant challenged his conviction on the basis of ineffective assistance of counsel, *i.e*, that his initial lawyer on the case, *inter alia*, also represented two other clients – the defendant's girlfriend and her sister – who were arrested and charged in the same incident, and did not inform any of them of a potential conflict of interest. Further, the attorney withdrew his representation before the defendant's change of plea hearing for non-payment of fees, and an appointed lawyer handled the plea hearing, which raised other issues regarding the replacement lawyer's failure to discuss the charges or the plea with the defendant before the plea hearing.

2. The New Bedford Court has continued the motion hearing a number of times due to the difficulties in securing the witnesses's appearances, including and most prominently the appearance of the defendant. The first scheduled hearing on August 23, 2005, did not

       occur because the U.S. Marshals Service did not bring the defendant from the Plymouth County Correctional Center, where he is currently detained, to New Bedford for the hearing. A new hearing was then scheduled for September 2, 2005.

3. The defendant's counsel contacted the U.S. Marshals Service and was told the defendant would not be removed from the Plymouth facility for a state court hearing unless several steps were taken, including the receipt of the Commonwealth's habeas request at least ten business days before the hearing, and receipt of a written notice from the U.S. Attorney's Office which stated that there were no objections to transporting the defendant. Counsel was also informed that the defendant would not be taken directly to New Bedford but would instead be brought to Boston, and custody would then need to be transferred to law enforcement officers, either from the Massachusetts State Police or from New Bedford, who would transport the defendant to and from the state court hearing.

4. The prosecutor could not make the September 2 date, and chose a new hearing date for September 8, 2005, without conferring with the defendant's counsel. The defendant asked for a continuance beyond that date, because by the time counsel was notified, there was not enough time to make all the arrangements noted above in paragraph 3 to ensure the defendant's appearance. At the court's direction, counsel consulted with the New Bedford District Attorney's Office and a hearing date for October 21, 2005 was agreed upon. The hearing did not occur on that date, however, because the judge was ill. A further hearing was scheduled on November 1, 2005.

5. The court conducted the November 1 hearing and heard testimony from the defendant and his two former attorneys. However, the two women who were represented along

      with the defendant by the same attorney, and whose testimony is critical to establish whether their mutual attorney informed them of a conflict of interest, did not appear. They had appeared at the courthouse for the previous dates but were unable to be there on November 1.  Counsel was informed that one of the witnesses, who is a head nurse at a local nursing home, could not attend because of a state-inspection of her employer's facility on that day.

6. In order to hear the testimony of the two women, the court continued the motion hearing to December 2, 2005.

7. The court's decision in that matter is critical to the case-at-bar.  The previous conviction would trigger a mandatory minimum sentence if the defendant is convicted of the charges alleged in the federal indictment.  If this Court conducts the final pretrial conference before the New Bedford Court rules on the motion for new trial, the defendant will not have all the information he needs to determine whether to change his plea in the present case.  A further pretrial conference date is necessary to allow the state court to make its ruling.

8. The defendant also requests a pretrial conference date beyond January 2006 because his counsel is now set for trial before Judge Gertner beginning on November 14, 2005, in the case of United States v. Edward Washington, Crim. No. 02-10301-NG, which is expected to last four to six weeks.  A trial schedule for the Court is attached hereto as *Attachment A*.  Counsel has a further conflict, in that he is scheduled to begin a trial before Judge Lasker on January 3, 2006.

9. The government has assented to this motion, as a further pretrial conference will not

create undue prejudice for the government or for the defendant. It is in the interests of justice that this motion be allowed and the additional time be excluded for speedy trial purposes.

DUJUANE MCNICKLES
By his attorney,

/s/ *John H. Cunha Jr.*

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: November 3, 2005                    H:\Word\Crim\McNickles\Motion to continue pretrial conference.wpd