UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | No. 04-CR-10218-RWZ |
| ) | |
| DUJUANE MCNICKLES ) | |

## JOINT STATEMENT REGARDING CRACK GUIDELINE RESENTENCING

The parties have conferred with each other and with Probation regarding resentencing in this case and are in disagreement as to whether resentencing should take place. They respond to the questions raised by the procedural order as follows:

(a):

Defendant, DuJuane McNickles, states that his case should be resentenced and his sentence should be reduced. In support whereof, defendant states that the recent revisions to § 2D1.1 of the United States Sentencing Guidelines, concerning offense levels based on amounts of crack cocaine involved in an offense, reduce the recommended guidelines range for the defendant. On December 11, 2007, the Sentencing Commission, pursuant to its authority under 18 U.S.C. § 3582(c)(2), made these revisions retroactive. *See* 73 Fed. Reg. 217-01 (2008). Accordingly, a reduction in sentence is within the discretion of this Court and in the interests of justice, and should be issued promptly.

The government states that the defendant's motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses should be denied because this amendment is inapplicable to the defendant, as he was sentenced to a statutory mandatory minimum penalty. The Sentencing Commission has not altered and cannot alter a

statutory mandatory minimum sentence, and that mandate continues to apply. See U.S.SG.§ 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997). Therefore, the defendant's motion should be summarily denied.

(b):

The defendant states that the guidelines range for his crime, exclusive of the question of whether there is a minimum mandatory sentence, is a criminal history category III with a offense level of 21 (down from 23 at his prior sentencing). This gives a guidelines range of 46-57 months.

The government states that the guidelines range is 60 months.

(c):

The defendant recommends a sentence within the guidelines range of 46-57 months. The government recommends a sentence of 60 months. (The defendant's current sentence is 60 months.)

(d):

Neither party believes a hearing is necessary.

(e):

The defendant states that he would currently be entitled to release if sentenced at the low end of his guidelines calculation.

The government states that the defendant's earliest release eligibility date is October 31, 2008.

(f):

Neither party believes further briefing is necessary.

(g):

No transcript is needed.

(h):

There was no plea agreement herein.

                                                DUJUANE MCNICKLES
                                                By his attorney,

                                                /s/ *John H. Cunha Jr.*
                                                John H. Cunha Jr.
                                                B.B.O. No. 108580
                                                CUNHA & HOLCOMB, P.C.
                                                One State Street, Suite 500
                                                Boston, MA 02109-3507
                                                617-523-4300

Dated: July 10, 2008                                  H:\Word\Crim\McNickles\Joint statement re sentence reduction.wpd

<u>CERTIFICATE OF SERVICE</u>

    I certify that a copy of the foregoing document was served via electronic filing upon AUSA John A. Capin, U.S. Attorney's Office, 1 Courthouse Way, Boston, MA 02210.

                                                /s/ *John H. Cunha Jr.*
                                                John H. Cunha Jr.